**CITY OF ANCHORAGE, a Corporation, Appellant,**

v.

**ALASKA DAIRY PRODUCTS CORPORATION, Appellee.**

No. 15788.

United States Court of Appeals Ninth Circuit.

June 18, 1958.

---

James M. Fitzgerald, City Atty., L. Eugene Williams, Asst. City Atty., Anchorage, Alaska, for appellant.

Butcher & Dunn, John C. Dunn, Anchorage, Alaska, for appellee.

Before FEE and CHAMBERS, Circuit Judges, and JAMES M. CARTER, District Judge.

JAMES ALGER FEE, Circuit Judge.

City of Anchorage, a municipal corporation of the Territory of Alaska, filed an amended complaint for declaratory judgment and equitable relief from a contract alleged to have been entered with Alaska Dairy Products Corporation. This independent action was filed in the District Court for the District of Alaska.

The written document, made part of the amended complaint, purports to be an agreement between the City and Dairy Products to permit the latter to connect certain described property with the city sewer system, paying therefor a hook-on fee and "annual payments in lieu of taxes to the City." It is further provided:

> "Said payments in lieu of taxes to be equal to the total City levy, less the School District levy included therein. The payments, as provided in this section, shall be due when the City property taxes are due and collected in the same manner."

The City reserved the right to discontinue rendering of these services upon failure of Dairy Products to pay the amounts specified.

The relief prayed for in the amended complaint is that this contract be reformed and the rights and duties of the parties be declared and that the court determine that the City had no authority to enter the contract and that the present City Council is not bound by a contract, made by a previous council, to perform governmental functions to persons outside the limits of the City.

Defendant Dairy Products filed a motion to dismiss, which suggests that the matters therein alleged had been previously determined by the court. In the supporting memorandum, it is suggested that the City waived its rights by filing action 10–297C before the United States Commissioner and appealing this action to the District Court as A–13,001.

The District Court granted a dismissal with prejudice and a judgment against the City in favor of Dairy Products for costs of defending the action, which consisted of attorney fees assessed in the amount of $75.00.

This was error. The District Court was misled by both parties litigant into believing a judgment could be so granted without a trial where the record in the other case was adduced or at least in some manner brought before the court.

Both parties are under the same misapprehension as to the power of this Court, although not entirely consistent in action. The City, appellant here, brought up and included in the record here the pleadings, stipulation and judgment in 10–297C. A motion for leave to file an amended complaint in action A–13,001, between the same parties (Action A–13,001 purports to be an appeal from the judgment in 10–297C), and a minute order of the District Court denying that motion were also included in the printed record. Appellee Dairy Products moved to strike from the record this motion to

amend and the order denying it, and pointed out that the sole question before this Court is whether there was error in entering judgment in A–13,503, from which the present appeal is taken, and no appeal has been taken in action A–13,001. Inconsistently, the appellee did not move to strike the other portions of the record in A–13,001 or 10–297C. Furthermore, the parties stipulated that certain testimony was given in 10–297C. This Court cannot tell whether the District Court had a similar stipulation before it or not.

■ This Court takes the position that neither the documents in 10–297C or in A–13,001 nor yet the stipulation as to the testimony given are properly in this record. All this material is therefore stricken therefrom. There was no showing that this material was in any manner introduced before the trial court in A–13,503. The judgment of dismissal with prejudice is therefore without support and is reversed.

We fear that, upon remand, the confusion in which the parties have immersed themselves will not be dissipated. A few comments will be added based upon the notion, perhaps erroneous, of the situation which we have formed from the documents which we have seen and the oral statements of the parties in court. We do this with extreme hesitation, but in the hope that useless expense and trouble may be saved.

Action 10–297C and action A–13,503 are entirely separate and distinct. Action A–13,001 is treated as an appeal from the judgment in 10–297C and, pursuant to A.C.L.A.1949, § 68–9–10, apparently requires a trial de novo of whatever issues may be properly made upon appeal. But action A–13,001 is entirely separate and distinct from action A–13,-503. We do not pass upon the question of what issues can be tried in action A–13,001, but we do consider it a serious one. However, the record in 10–297C and A–13,001 would necessarily have to be produced in action A–13,503 at trial, or as exhibits to a motion to dismiss or a motion for summary judgment, before

the District Court would have a right to determine their effect.

Even if these had been so introduced together with the testimony given in court of the Commissioner, it is doubtful whether a judgment of dismissal with prejudice in action A–13,503, based upon res judicata, election of remedies or estoppel, could stand until the District Court had tried de novo the appeal upon whatever pleadings were permissible. Otherwise, the judgment with prejudice in A–13,503 would finally conclude all the issues the City seeks to raise on appeal A–13,001, since record of the judgment in A–13,503 probably could be introduced in the latter case. However, we make no rulings on these points.

There is a serious technical problem. But this Court can find no reason for arriving at a formalistic solution which entirely disregards the fundamental rights of the parties, as does the judgment from which this appeal is taken. One phase of this problem is whether the City, which filed a simple action for money on a contract, can be prevented, in an appeal where all admit that expanded pleadings can be filed and the trial de novo is required, from presenting claims of mutual mistake and reformation arising out of the same transaction, even though these claims could not under the statute be raised in the Commissioner's Court in the first instance. A more difficult phase is whether the City is precluded by the filing of an action for money on a contract in a court of limited jurisdiction from raising claims for declaratory relief, bringing up the question of the authority of the City to enter into the contract and a claim based upon mutual mistake praying for reformation in the United States District Court. It has been above pointed out that the judgment appealed from is based upon the theory that, once the action was filed initially in a tribunal of limited jurisdiction, the City had bound itself forever not only upon appeal, but also in an independent action. However, as above pointed out, the vital question cannot be raised upon this appeal, since

the trial court has no record before it upon which to base the judgment.

The parties would do well to analyze the relief sought in the various causes involved. Certainly, the issues in the claims of ultra vires or lack of authority are broader than the issues raised in the counts alleging mistake in seeking reformation. There are contentions that the pendency of one action will affect the other. We have made no search of Alaska law, but in the District Courts of the United States the plea of abatement of another action pending is not presently available under federal practice.

It would seem the proper course is to abate or withhold determination in A–13,503 until final judgment is entered in A–13,001, or, on the other hand, trials in the two actions might be held in a consolidated proceeding.

Reversed.